IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC D. CRAIN | § | |
| v. | § | CIVIL ACTION NO. 6:11cv214 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Eric Crain, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Crain was originally charged with retaliation and failure to comply with sex offender registration requirements, as well as indecency with a child. As part of a plea bargain, he pleaded guilty to the charges of retaliation and failure to register, and the indecency with a child charge was "taken into consideration" in the plea bargain, with further prosecution on that charge being barred. On August 4, 2009, Crain pleaded guilty and was sentenced to eight years in prison on the retaliation and failure to comply charges. He did not take a direct appeal; instead, he filed a state habeas corpus application on February 8, 2011. This application was denied without written order by the Texas Court of Criminal Appeals on April 14, 2011. Crain signed his federal habeas petition on April 22, 2011.

In his federal petition, Crain complains that: he was the victim of vindictive prosecution; once he was found not guilty, the prosecutor refused to accept that he had not

committed a crime; he received ineffective assistance of counsel; and a miscarriage of justice took place. In a supplemental memorandum of law, Crain says that Child Protective Services investigated the indecency case and ruled out the allegations against him. He also says that he did register as a sex offender on January 15, 2009, thus proving that he was not out of compliance and that the prosecution was vindictive.

The Respondent has been order to answer the petition and has done so. This answer argues that Crain's claims are barred by the statue of limitations. Crane has filed a response to the answer arguing that his claims are not barred because he is actually innocent and he received ineffective assistance of counsel.

In reviewing the pleadings and state court records, the Magistrate Judge set out the law on limitations and noted that Crain had pleaded guilty on August 4, 2009, and did not take a direct appeal. His conviction therefore became final on September 4, 2009, and his limitations period expired one year later, on September 4, 2010. Because this date fell on a Saturday, the Magistrate Judge determined that the latest date upon which Crain could have filed his federal habeas petition was September 6, 2010.

However, Crain did not sign his first state habeas petition until February 1, 2011, well after the limitations period had expired. The Magistrate Judge observed that a state habeas petition filed after the limitations period had expired will not revive any portion of that period. <u>Villegas v. Johnson</u>, 184 F.3d 467, 472 (5th Cir. 1999). Thus, the Magistrate Judge said, the statute of limitations expired on Crain's claims absent the operation of other factors.

The Magistrate Judge stated that Crain did not show that unconstitutional state action prevented him from seeking habeas corpus relief in a timely manner, or that he is exercising a newly recognized constitutional right. Nor did Crain show that he could not have discovered the factual predicates of his claim through the exercise of due diligence until a later time.

Crain had argued in his response to the answer that he is actually innocent of the offense of indecency with a child, but the Magistrate Judge noted that the record showed that he was

2

not convicted of indecency with a child. Crain further argued in his response that using a dismissed charge as part of a plea bargain is a double jeopardy violation, he received ineffective assistance of counsel because he gave his attorney, Thad Davidson, the receipt showing that he had properly registered as a sex offender, and that Davidson did not make any arguments against the retaliation charge being included in the plea agreement, even though this charge had been "barred." The Magistrate Judge noted that Crain did not explain how these complaints, which occurred during the time prior to his conviction, would affect the statute of limitations, which began to run after the conviction.

Crain also argued that his claim of "actual innocence" serves as a "gateway" through which a habeas petitioner can have otherwise barred claims considered on the merits, but the Magistrate Judge concluded that the "gateway" concept applies to claims which are procedurally barred, not those which are barred by the statute of limitations. The Magistrate Judge noted that no Fifth Circuit cases have applied an actual-innocence exception to the statute of limitations, but that on the contrary, the Fifth Circuit has held that claims of actual innocence will not justify tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).

The Magistrate Judge also determined that Crain had not shown any other basis upon which to equitably toll the statute of limitations. Such equitable tolling requires a showing of "rare and exceptional circumstances," *see* Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), and such factors as proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are not sufficient reasons upon which to toll the statute of limitations. Felder v. Johnson, 204 F.3d 168. 173 (5th Cir. 2000). Because Crain filed his petition outside of the limitations period and showed no basis for legal or equitable tolling of this period, the Magistrate Judge recommended that the petition be dismissed and that Crain be denied a certificate of appealability *sua sponte*.

In his objections to the Magistrate Judge's Report, Crain says that during trial, Davidson failed to present the receipt which established proof of his registration as a sex offender. He says that Davidson also failed to file a motion for appointment of counsel or a notice of appeal so that he could present counsel's error on appeal.

Two weeks after the trial, Crain says, his wife Betty tried to get another copy of the registration receipt from the clerk but was told that under Article 552.028 of the Texas Government Code, neither Crain nor his wife were entitled to a copy of the receipt. He says that 32 days were lost while "diligently seeking" this receipt, which Crain says should not be counted toward the limitations period, and that he finally got a copy of the receipt, from a friend who used to work in the clerk's office, on January 16, 2011.

Crain says that letters and phone calls to Davidson resulted in an additional delay of three months, and the time it took his friend with the clerk's office to get a copy was about two and a half months. Crain maintains that he diligently tried to obtain a copy of this receipt, and the fact that he could not do so was a "state-created impediment," which should toll the limitations period. Crain says that he could not discover the factual predicate of his claim until January 16, 2011, and so the limitations period should begin to run at that time. He again argues that he is actually innocent of the charge of failing to register, as shown by the receipt, and he received ineffective assistance of counsel at trial and on appellate review.

Crain's primary objection to the Report of the Magistrate Judge concerns his claim, raised for the first time in his objections, that his difficulties in obtaining a copy of the registration receipt amounted to a state-created impediment which should set off the commencement date for the statute of limitations. As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Even assuming that Crain's contention is properly before the Court, though, it lacks merit on its face. The courts have held that problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to "state-created impediments," setting off the commencement date of the limitations period. Lloyd v. Vannatta, 296 F.3d 630, 632-33 (7th Cir. 2002); Randolph v. Taylor, 69 Fed.Appx. 824, 2003 WL 21421712 (9th Cir., June 13, 2003); Miller v. Cason, 49 Fed.Appx. 495, 2002 WL 31164208 (6th Cir., September 27, 2002); Crawford v. Costello, 27 Fed.Appx. 57, 2001 WL 1485838 (2nd Cir., November 20, 2001); Cole v. Director, TDCJ, civil action no. 6:09cv128, 2009 WL 1468470 (E.D.Tex., May 26, 2009) (no appeal taken). As Crain acknowledges, he gave a copy of the receipt to Davidson and so this was a "trial record." The difficulties which he encountered in obtaining the receipt thus do not amount to a "state created impediment" within the meaning of 28 U.S.C. §2244(d)(1)(B).[1]

Furthermore, Crain does not show that the failure to obtain a copy of the receipt prevented him from seeking state or federal habeas corpus relief in a timely manner. He obviously knew of the existence of the receipt, having given it to Davidson, and while it may have been helpful to have a copy to file with his state habeas petition, he makes no showing that this would have been necessary. Crain's objection on this point is without merit.

Crain also complains in his objections about Davidson's conduct, saying that the attorney failed to present the receipt at trial and refused to file a notice of appeal. However, the state court records show that the trial court certified that this was a plea bargain case and that Crain had no right to appeal. Had Davidson filed a notice of appeal in the face of this certification, the appeal would have been dismissed for want of jurisdiction. Dears v. State, 154 S.W.3d 610, 614-15

---

[1] The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); see Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Crain's contentions regarding the alleged difficulties he had in obtaining a copy of this receipt are simply bald assertions which are unsupported and unsubstantiated by anything in the record, and thus lack probative evidentiary value.

(Tex.Crim.App. 2005); see also Morris v. State, slip op. no. 5:11cv908-CR, 2012 WL 387747 (Tex.App.-Dallas, February 8, 2012) (citing Dears and dismissing appeal for want of jurisdiction because the trial court certified that the case involved a plea bargain and the appellant had no right to appeal); Meza v. State, slip op. no. 01-11-823-CR, 2012 WL 170749 (Tex.App.-Houston [1st Dist.], January 19, 2012) (same). Because Crain had no right to appeal, the contention that Davidson did not file a notice of appeal is without merit.

The indictment charges that on or about January 8, 2009, Crain failed to register as a sex offender in the City of Henderson. The receipt furnished by Crain bears the date of January 15, 2009, although it has another, unexplained, date of April 3, 2009, at the top. If Crain was required to register by January 8, 2009, the document which he provides shows that he missed this deadline by at least a week. See Tex. Code Crim. Pro. art. 62.051(a) (setting out deadlines by which a person who is required to register as a sex offender must do so). Thus, it is by no means clear that the receipt which Crain furnishes shows that he is innocent of the offense with which he was charged.

More pertinently, however, the Magistrate Judge correctly determined that claims of actual innocence do not provide a basis for legal or equitable tolling of the statute of limitations. Cousin, 310 F.3d at 849. To the extent that Crain's objections argue that the limitations period should be tolled because of his claim of actual innocence, this contention is without merit.

Finally, Crain has not shown that Davidson's failure to introduce or refer to the receipt during the guilty plea proceeding should toll the statute of limitations. As the Magistrate Judge observed, this occurred prior to Crain's conviction and thus before the time that the statute of limitations began to run. Furthermore, Crain was present at the plea proceeding and knew that Davidson had not introduced or referred to the receipt, and so has shown no basis for tolling of the limitations period with regard to this claim. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the answer of the Respondent, the Petitioner's reply thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records, including the state court records, in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 15) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Eric Crain is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 27th day of February, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**